[S.F. No. 21206.   In Bank.   July 28, 1964.]

M. E. HULSE, Plaintiff and Appellant, v. JUILLARD
FANCY FOODS CO., Defendant and Respondent.

J. Albert Hutchinson for Plaintiff and Appellant.

Salvatore C. J. Fusco and Ewart Lytton Merica for Defendant and Respondent.

GIBSON, C. J.—Plaintiff, an importer, brought this action against defendant, a corporation which distributes food products for breach of a contract that was partly written and partly oral. Judgment was entered for defendant, and plaintiff appeals, contending, among other things, that a written provision of the contract was erroneously interpreted by the court on the basis of parol evidence.

The parties orally agreed that plaintiff would give defendant the exclusive right to distribute a mint syrup in four western states, where the product had not been sold previously, and that defendant would use its best efforts to distribute the syrup. The written portion of the contract contains an order by defendant for 500 cases of syrup packed 12 half-liter bottles to a case and 100 cases of syrup packed 12 one-liter bottles to a case. The writing also provides that "We [defendant] guarantee the sale of 2500 cases of the ½ liter size within a twelve month period."

Defendant received and paid for the 600 cases of syrup referred to in the order, but no payment was ever made pursuant to the guarantee provision. According to plaintiff, that provision obligated defendant to purchase an additional 2,500 cases of syrup, whereas defendant takes the position that the provision related to carton containers rather than to cases of syrup. The trial court received extrinsic evidence as

an aid to construction and found in favor of the interpretation urged by defendant.

Although parol evidence is inadmissible to vary or contradict the terms of a writing which constitutes a partial integration of an agreement (*Pierce* v. *Edwards* (1907) 150 Cal. 650, 654 [89 P. 600]; see Rest., Contracts, § 239; 9 Wigmore, Evidence (3d ed. 1940) § 2430), such evidence may be received to aid the court in ascertaining the true intent of the parties where the written language is fairly susceptible of two or more constructions (*Barham* v. *Barham* (1949) 33 Cal.2d 416, 422-423 [202 P.2d 289]; see *Imbach* v. *Schultz* (1962) 58 Cal.2d 858, 860 [27 Cal.Rptr. 160, 377 P.2d 272]).

The guarantee provision, unlike the provisions for the purchase of the 600 cases, does not expressly mention any product. The phrase ''2500 cases'' may reasonably be construed as referring to cases in the sense of containers only, without regard to whether they be empty or full, or as referring to cases of syrup, i.e., the product as well as the containers. Other terms of the order are consistent with either construction. From the fact that another part of the agreement contains an order for syrup it might be implied that the guarantee provision related to syrup, but this implication is not compelled, and extrinsic evidence was admissible to determine the true intent of the parties.

The record amply supports the court's interpretation of the guarantee provision. For example, there was testimony that 500 containers of a special size were necessary to fill defendant's order for syrup in half-liter bottles packed 12 to a case, that the box manufacturer would not make a ''run'' of less than 3,000 containers of the special size, and that defendant agreed to insertion of the guarantee provision after plaintiff requested that defendant guarantee payment for the extra 2,500 containers. It was also shown that, on the day the agreement was entered into, plaintiff sent an order to the syrup producer for 600 cases of syrup and in the order stated: ''We will guarantee to use 2500 of these 12/½ litre cases this year or else pay for the additional cost for these 12/½ litre cases.''

A further contention of plaintiff is that the court erred in failing to award damages for an asserted breach by defendant of its oral promise to use its best efforts to distribute the syrup. Plaintiff claims that such a breach was shown as a matter of law, relying on evidence that defendant rebottled and relabeled 25 cases of the syrup under its own

brand name and placed them on the market. However, there was evidence that the agreement to use best efforts was to be effective for a period of one year from the date of the purchase order, and the relabeling occurred more than two years after that date. It was shown that, commencing soon after the agreement was entered into, defendant made substantial efforts to sell the syrup, including calls on nearly 2,000 "active accounts," but that the response to the product was poor and that at the time of the relabeling defendant still had 462 cases on hand. The court determined that defendant exercised its best efforts in distributing the syrup, and under the circumstances its determination must be upheld.

The evidence concerning the cost of the 2,500 carton containers is not clear, and the court made no finding on the subject. However, defendant concedes that it owes plaintiff for the containers, and the parties have filed a stipulation in this court that the cost of the empty cases is $1,350. The judgment is modified to provide for the payment of the stipulated amount to plaintiff. In all other respects the judgment is affirmed. Each side is to bear its own costs on appeal.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.